## COUNTY OF KENNEBEC.

---

AUGUSTA BANK & *al. versus* HAMBLET.

An authority, given by the vote of a corporation to sell and convey its real estate, may be reasonably construed to include a right to make a binding contract to convey at a future day.

A seal affixed to a contract sufficiently imports a consideration.

In a sealed obligation to pay the purchase money of land, a recital that the obligee had by a "bond bound himself" to convey, estops the purchaser to deny the authority of the agent by whom the seller's bond purports to have been executed, if the seller have not disavowed it.

Bonds given between the parties, both being a part of the same transaction, the one to sell and the other to purchase land at a stipulated price, are not dependent, if they fix the time and place at which the purchaser is to make the payment.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

DEBT on bond dated July 22d, 1848, in the penal sum of

$1000, on condition, that " whereas the said Banking Company and said Smith have this day agreed with the undersigned, and by their bond bound themselves to sell and convey unto the undersigned the following tract of land [described] for the sum of one dollar per acre, payable, one third the first of November, 1849, one third the first of November, 1850, and the other third the first of November, 1851, with interest thereon annually, from the first of November next, in consideration whereof the undersigned has agreed and doth hereby agree with said Banking Company and said Smith, within thirty days from this date, to take and receive a conveyance of said land, and to pay or secure to be paid the sums aforesaid, at the times and in the manner aforesaid ; which said security for the payment of said sums shall be to the satisfaction and acceptance of said Smith. Now if the undersigned shall and will within the said thirty days, at said Augusta, pay or offer to pay the aforesaid sums as aforesaid, then the aforesaid bond shall be null and void ; otherwise to be and remain in full force and virtue."

The bond given by the plaintiffs and referred to in the condition of the defendant's bond, was given at the same time, in the penal sum of $1000, conditioned ; —

" That whereas the said President, Directors and Company and the said Smith have agreed to sell and convey unto the said Hamblet a certain lot of land, [here follows description as above,] and the said Hamblet, in consideration thereof, hath agreed to the said President, Directors and Company and the said Smith, that he will, within thirty days from the date of this, give them satisfactory security to pay for the above described land, one dollar per acre, payable, one third Nov. 11, 1849, one third Nov. 1, 1850, and the balance the first day of Nov. 1851, with interest annually from the first day of Nov. 1848. Now, therefore, if after the performance of the said conditions, and at the request of the said Hamblet, his heirs and assigns, the said President, Directors and Company and the said Smith shall make, execute and deliver to the said Hamblet, his heirs and assigns, a good and sufficient deed of

Augusta Bank *v.* Hamblet.

conveyance of the said premises, and therein warrant and assure the same to him and them free from all incumbrances, then this obligation to be void; otherwise to remain in full force and virtue."

This bond was signed, —

" The President, Directors & Co. of the Augusta Bank,

" by Tho's W. Smith, *Pres't.* [L. s.]

" Tho's W. Smith. [L. s.]"

To show the authority of the president of the bank to execute the bond, the plaintiffs introduced the copy of a vote of the directors, of the same date of the bonds, authorizing him to " sell and convey" the land.

Upon this evidence, the Court is to enter a legal judgment by nonsuit or default. If by default the damages, if not adjudged liquidated, are to be settled on a hearing before the Court or some Justice thereof.

*J. W. Bradbury,* for the plaintiffs.

*J. S. Abbott,* for the defendant.

1. The bond given by the plaintiffs was evidently the consideration for the bond given by the defendant. But Thos. W. Smith had no authority to execute the bond on the part of the bank.

The directors' vote gave authority " to sell and convey," but no authority to bind the bank by a bond. Hence the bank was not bound, and it would be contrary to established principles that one party should be bound when the other is not.

2. The agreements in the bonds are dependent, conditions were to be performed by the *plaintiffs,* either preceding any thing to be done by the defendant or simultaneously.

But they did nothing, offered to do nothing. They have not even to this day ascertained the number of acres which the land contained. Hence the defendant is released. His stipulation was within thirty days to " take and receive" a conveyance and pay or secure, &c.

No payment whatever would be due within the thirty days. The thirty days would expire on *August* 21, 1847. No pay-

ment was to be due, *nor interest to be taxed* until *November* 1, 1849. Hence it is apparent that the phrase, " pay or offer to pay the aforesaid sums as aforesaid," means simply to perform the conditions of the bond on his part, as he would.be legally required to do.

What then, upon a view of all the conditions in the defendant's bond, were the parties to do ? The plaintiffs were " to convey" to him, the defendant was " to take and receive the deed," "and pay or secure the sums". The defendant was not required *to demand* a deed. The acts were to be simultaneous, neither party did any thing, and consequently, neither has any right of action against the other. *Brown* v. *Gammon,* 14 Maine, 276 ; *Howe* v. *Huntington,* 15 Maine, 350 ; *Low* v. *Marshall,* 17 Maine, 232 ; *Drummond* v. *Churchill,* 17 Maine, 327 ; *Dana* v. *King,* 2 Pick. 155 ; *Hunt* v. *Livermore,* 5 Pick. 395 ; *Johnson* v. *Reed & al.* 9 Mass. 78 ; *Gardiner* v. *Corson,* and cases cited in the note, Rand's edition, 15 Mass. 499 ; *Swan* v. *Drury & al.* 22 Pick. 485.

TENNEY, .J. — The first objection made to the maintenance of the action arises from the supposed want of authority in the president of the bank to execute the bond, referred to in that of the defendant, now in suit, in behalf of the corporation, and it is urged therefore that there is no validity in the bond given by the bank to the defendant ; and hence that of the defendant is destitute of consideration, and one cannot be enforced, while the other may be avoided.

The votes of the stockholders and directors of the bank, introduced for the purpose of showing the power of the president to execute certain instruments, does not embrace bonds for the future conveyance of real estate, *in terms.* But by the vote of the stockholders on Feb. 22, 1814, he is authorized to execute instruments, which the directors may order .for the convenient managing and disposing of any estate of the bank, and to affix thereto, the seal of the corporation.

On July 22, 1848, the directors empowered the president

by vote, to *sell* and *convey* the land described in the bond for the prices and in the manner therein mentioned. It is not necessary, that each instrument appropriate for the convenient managing and disposing of the estate of the bank, should be specified in a vote of the directors, provided the general power to perform acts, which may embrace the execution of such instruments, is conferred. The authority to *sell* as well as to convey real estate, implies a power to negotiate and make a bargain with a purchaser, prior to the conveyance; and if the latter for any reason cannot follow, the negotiation and bargain, immediately, the attempt to make a conveyance might be fruitless unless the bargain is made obligatory upon the parties. It is not an unreasonable construction of the vote, that the president should be authorized not only to convey real estate, but if necessary, under the power *to sell*, to make a *binding contract*, to convey at a future time.

But this action is upon a sealed instrument. Its character imports a consideration. It recites all the material parts of the condition of the bond given to the defendant. The whole contract is fully disclosed therein. Among other recitals, it states that the plaintiffs and Thomas W. Smith, on the day of its date agreed with the undersigned, and by their bond bound themselves, &c. The bond here referred to, the bank have not repudiated, as not being their deed, or done any thing indicative of a design to avoid its obligations, on account of any want of authority in the president to execute it. The defendant is estopped to escape liability on this ground.

2. It is contended that the conditions in the defendant's bond are dependent, and that certain conditions were to be performed by the plaintiffs, either preceding any thing required of the defendant, or simultaneously. If such was the character of the transaction, this action cannot be maintained. It is well settled, when acts are to be performed by each party at the same time, neither party can maintain an action against the other without performance or an offer of performance on his part. But if it is the design of the parties, that one party alone is to do the first act, after the execution of

the contract, and by failure, to commit a breach thereof, the other party may be excused from tendering a performance of the acts to be done by him. Such was the case of *Warren* v. *Wheeler*, 21 Maine, 484, upon a contract not under seal, in which it was agreed by the latter, that he would deliver to the former, or his assignee, a good warranty deed, within twenty days from the date of the contract. And then the other party, or assignee, should deliver to him, the notes mentioned, &c. The Court say there can be no doubt, that it was the intention of the parties, as expressed in the agreement, that the deed should be delivered, and payment made by money or notes at the same time. And neither party would be obliged to perform unless the other did. In such case the general rule is, that the party who would claim performance from the other, must show a readiness and offer to perform his own part. But this rule does not prevail, when the contract itself determines, which party shall first prepare and offer to perform. When the parties have agreed upon this matter, neither the law nor the tribunals break in upon or disregard such agreement.

The bonds of the respective parties were executed on the same day, and are part of the same transaction. It was the intention of the plaintiffs to convey the land, and of the defendant to take the conveyance on the terms described in the bonds. It was not required by the contract, that the former should pass the title without the payment of the consideration, or the security therefor; or that the latter should give the security without receiving the title. It is manifest they were to be simultaneous acts. But it was the contract, that the defendant on a day and place certain, should pay or offer to pay the sums, stipulated as the consideration of the conveyance as specified in the bond. On failure to do this, the bond was to be effectual against him; and by doing this, the condition was to be saved. Not having performed his agreement, the condition of the bond has been broken, and the defendant is liable.

It was not the design of the parties as disclosed by the

bond, that on failure of the defendant to perform the condition and receive the conveyance, the plaintiffs should retain the title and receive the sum of one thousand dollars. The sum named in the formal part of the bond was not intended as the damages estimated by the parties for the breach of the condition. According to the agreement of the parties, the defendant is to be defaulted, judgment to be entered for the penal sum in the bond, and execution to issue for such sum as shall be determined by the Court, or a Justice thereof.

SHEPLEY, C. J., and HOWARD and APPLETON, J. J., concurred.